O’NIEDL, J.
This is an appeal from a judgment compelling the appellant, Fred Franz, to pay the purchase price of, and accept title to, a house and lot in New Orleans, adjudicated to him at a public sale made by the dative tutor of the minor children of Harry Hoyle, deceased.
Appellant is willing to accept title and pay the amount of his bid, $4,500, provided the dative tutor can convey title for the property.
Harry Hoyle died in New Orleans in 1914, leaving a widow and six minor children. The widow qualified as natural tutrix of the children, and recorded an inventory of the property of the estate, valued at $177,000. The *513 property inherited by the children was their father’s half interest in the property of the marital community, the other half of which property, of course, belonged to the widow. She died in January, 1919. The undertutor of the children then petitioned the court for the appointment of a dative tutor ; and, on the recommendation of a family meeting, Frank W. Smith was appointed dative tutor, and he qualified as such. It developed then that, under the administration of the mother as natural tutrix of the children, the property of the succession had been dissipated and wasted so that there remained only ten vacant lots, inventoried at $2,000, the property which is the subject of this suit, which sold for $4,500, and movable property, the net proceeds of the sale of which amounted to only $1,276.08.
The tutrix had never filed an account of her administration, and the dative tutor of the children alleged that it was impossible for him to render an account of her administration. Her succession has not been opened. Notwithstanding an undivided half of the property involved in this suit belonged to the succession of the mother of the minor children, their dative tutor filed the petition for the sale of the property in the succession of their father.
The property was ordered sold, not for the purpose of effecting a partition, nor for the purpose of paying debts of the succession, either of the father or the mother of the minor children. The members of the family meeting gave no reason for advising that the property be sold, other than that they were of the firm belief and sincere opinion that it was in the interest and to the advantage of the said minors that the property should be sold for cash to the highest bidder at public auction. The dative tutor had alleged, in hfs petition for a sale of the property, that it was impossible to keep tenants in the house, that the revenues amounted to only $45 a month when the property was rented, which, he alleged, was not adequate to support the minors, after paying taxes, insurance, and the cost of upkeep of the property. The tutor therefore prayed for, and he has been granted, authority to reinvest the $4,500 cash proceeds of the sale of the property.
The fact that $45 a month (less taxes, insurance, and the cost of the upkeep of the property in question) was not adequate to support the minors was not a good reason* for selling the property for $4,500 and reinvesting the price; for it is not possible to make a safe investment of $4,500 in any way that the revenue will support six children. In fact, $45 a month, even after deduction of the taxes, insurance, and cost of upkeep of the property in question, is far more revenue than $4,500 could produce by any safe investment. Our opinion, therefore, is that no valid reason has been shown for provoking( a sale of the property. The dative tutor had no power of administration over the property of the succession of the mother of the minor children. Our conclusion, therefore, is that the proceedings were entirely irregular, and that the tutor cannot convey to appellant a valid title for the property.
The judgment appealed from is annulled, and the demand of the tutor, Frank W. Smith, is rejected at his cost.